786 So.2d 1078 (2001)
Robert Earl SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-02134-COA.
Court of Appeals of Mississippi.
May 15, 2001.
*1079 William O. Townsend, Brandon, Attorney for Appellant.
Office of the Attorney General by John R. Henry Jr., Attorneys for Appellee.
*1080 Before KING, P.J., PAYNE, THOMAS, and MYERS, JJ.
THOMAS, J., for the Court:
¶ 1. Robert Earl Sanders was convicted of sale of cocaine, a schedule II controlled substance. Aggrieved, he now asserts the following errors:
I. THE VERDICT OF THE LOWER COURT IS AGAINST THE OVER-WHELMING WEIGHT OF THE EVIDENCE.
II. THE STATE FAILED TO MEET THE BURDEN OF PROOF THAT SANDERS WAS AN HABITUAL OFFENDER IN THE SENTENCING HEARING.
III. THE SENTENCE IMPOSED UPON THE APPELLANT WAS "UNCLEAR" AND INCONSISTENT WITH THE LAW.
Finding no error, we affirm.

FACTS
¶ 2. On March 5, 1999, Officer Roy Dampier of the Pearl Mississippi Police Department arranged through an informant to make a controlled buy of cocaine from Sanders at the Flying J truck stop. Prior to meeting with Sanders, Officer Dampier observed the usual preliminaries of a controlled buy operation during which he was provided one hundred dollars for the purchase and outfitted with a radio transmitting and recording device.
¶ 3. Officer Dampier arrived at the Flying J parking lot at approximately 5:50 p.m. and waited in his unmarked police car for some ten minutes. At this time Sanders arrived and parked some three parking spaces from Officer Dampier. After seeing the informant exit the passenger side of the car, Officer Dampier approached the car and entered the passenger side door. Sanders was sitting in the drivers side seat of this car. Officer Dampier asked Sanders "if he had [his] stuff." Sanders pointed to a pocket and replied, "Yes, it's right there." Officer Dampier observed some cellophane in Sander's pocket and pulled it out. Officer Dampier then inquired as to the price, to which Sanders replied one hundred dollars. At that time, Officer Dampier paid Sanders the one hundred dollars that the State had supplied him with. Officer Dampier then made the statement, "It looks good to me," which was the signal for the officers conducting surveillance of the body wire to approach the car and arrest Sanders. Sanders was taken into custody at that time.
¶ 4. The contents of the cellophane bag were examined by the Mississippi Crime Laboratory and found to contain 0.2 grams of cocaine. At trial, Sanders was found guilty of sale of cocaine, a schedule II controlled substance. Sanders was sentenced as an habitual offender to thirty years in the custody of the Mississippi Department of Corrections.

ANALYSIS

I. WAS THE VERDICT OF THE LOWER COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 5. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss. Ct.App.1999), we held that:

*1081 [i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(quoting Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss. 1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896 (Miss.1998). "In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State." Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss. 1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). The "testimony of a single uncorroborated witness is sufficient to sustain a conviction ... even though there may be more than one person testifying to the contrary." Williams v. State, 512 So.2d 666, 670 (Miss.1987).
¶ 6. The case at hand presents a routine controlled buy narcotics arrest. The State presented the testimony of the undercover officer who purchased the cocaine from Sanders, one of the officers who was conducting surveillance of the body wire during the controlled buy, who also participated in Sanders' arrest, and a technician from Mississippi Crime Laboratory who tested the substance purchased. The cocaine purchased during this controlled buy as well as the Mississippi Crime Laboratory report confirming that this substance was cocaine were also entered into evidence. Such evidence supports the verdict of the lower court. Therefore, we affirm.

II. DID THE STATE FAIL TO MEET THE BURDEN OF PROOF THAT SANDERS WAS AN HABITUAL OFFENDER IN THE SENTENCING HEARING?
¶ 7. In order to meet the burden of proof that Sanders was an habitual offender, it was necessary for the prosecution to establish that Sanders had been convicted of two prior felonies, one of which was under an alias. The prosecution did in fact establish that Robert Earl Sanders was a/k/a Robert Tillman as well as Robert Tillmon. On December 1, 1992, Sanders was convicted for uttering a forgery in the Circuit Court of Bolivar County under the name "Robert Sanders" and was sentenced to a term of six years imprisonment. On February 19, 1991, Sanders was also convicted for the crime of burglary in the Circuit Court of Rankin County under the name "Robert Earl Tillman" and was sentenced to a term of two years. On appeal, Sanders asserts that the prosecution did not meet the burden of proving that Sanders was a/k/a Robert Earl Tillman, and, thus, did not qualify as an habitual offender. The prosecution offered the following evidence in order to meet this burden.
¶ 8. The prosecution first called Greg Eklund, an officer of the Rankin County Sheriffs Department, to testify. Eklund was accepted by the court as an expert witness in the field of fingerprint examination. *1082 Eklund testified that the fingerprints taken from Sanders at the time of the arrest for sale of cocaine, the fingerprints taken from "Robert Sanders" at the time of the arrest for uttering a forgery, and the fingerprints taken from "Robert Earl Tillman" at the time of the arrest for burglary were the same. Eklund further testified that the photographs taken during the booking process at the time of these three arrests were of the same person. On one of the photographs the booking information shows that the photograph is of "Robert E. Sanders, booking number 43735, with an a/k/a of Robert Tillman." The birth dates and social security numbers on each of the three booking information pages were also identical. Such information is obtained from the arrested individual. The fingerprints and booking photographs were entered into evidence.
¶ 9. The prosecution then called Dennis Froshour, a former officer of the Rankin County Sheriffs Department. Froshour testified that a document provided by the prosecution was a National Crime Information Center ("NCIC") printout of a criminal history of an individual. The name appearing on the NCIC report was "Robert Tillman, A/K/A Robert Tillmon, A/K/A Robert Earl Sanders." The report further showed a birth date, physical description and list of two felonies committed, namely uttering a forgery and burglary. Froshour further testified that he had called the Mississippi Department of Corrections and that he was told that Sanders was a/k/a "Robert Tillman" and "Robert Tillmon" and the convictions and sentences indicated in the NCIC report were accurate.
¶ 10. No contemporaneous objection was made by Sanders pertaining to Froshour's testimony. When the defense fails to make a contemporaneous objection, the testimony is a valid evidentiary matter for the court to consider. Their failure to object at the trial level constitutes a waiver and prevents the issue from being able to be raised on appeal. Gatlin v. State, 724 So.2d 359 (¶ 43) (Miss.1998).
¶ 11. Sanders did make a proper objection to entering the NCIC report into evidence. This objection should have been sustained due to the fact that the NCIC report is hearsay evidence. However, due to the fact that Froshour's testimony was not objected to, and Sanders later admitted that he was both Robert Earl Sanders and Robert Tillman, the trial court's failure to sustain this objection was harmless error.
¶ 12. Finally, the following dialog occurred at the conclusion of the sentencing hearing:
THE COURT: Mr. Townsend, does your client admit he was convicted in Bolivar County or not? Were you convicted in Bolivar County?
SANDERS: Yes, sir.
THE COURT: Are you the same Robert Tillman that was convicted in Rankin County?
SANDERS: Yes, sir.
¶ 13. Where a trial judge makes a factual finding supported by the record, we will not overturn that finding of fact unless it is clearly erroneous. West v. State, 463 So.2d 1048, 1056 (Miss.1985). In the case at hand, the lower court judge's factual findings were supported by substantial, credible evidence in the record.
¶ 14. Admissions to prior criminal convictions are sufficient to permit a finding of habitual status. Jones v. State, 747 So.2d 249, 252 (Miss.1999). See also Jamison v. State, 741 So.2d 359, 365 (Miss. Ct.App.1999). Sanders admitted in court that he was convicted of uttering a forgery and burglary on prior occasions.
*1083 ¶ 15. This Court has held that a comparison of biographical information submitted upon arrest, fingerprint cards and mug shot photographs of an individual meet the burden of proof that the individual is an habitual offender. Williams v. State, 784 So.2d 230 (Miss.Ct.App.2000). Furthermore, an application of common sense to the record supports the finding that Robert Sanders is a/k/a Robert Tillman. Therefore, we affirm.

III. WAS THE SENTENCE IMPOSED UPON THE APPELLANT "UNCLEAR" AND INCONSISTENT WITH THE LAW?
¶ 16. At the conclusion of the trial, Sanders was sentenced as an habitual offender to thirty years in the custody of the Mississippi Department of Corrections. However, the sentencing order filed on a later date listed the sentence as twenty-five years in the custody of the Mississippi Department of Corrections. It is unclear as to whether the lower court judge reduced the sentence due to last minute leniency or the discrepancy in the sentence was inadvertent. For this reason only, we remand for clarification of the record.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION FOR THE SALE OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, IS AFFIRMED. THE SENTENCE IMPOSED UPON THE APPELLANT MUST BE CLARIFIED ON REMAND. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.