ROBERT LEWIS ET AL. *v.* STATE OF MISSISSIPPI.

1. WITNESSES.    *Credibility.    Conviction of crime.    Code 1892, § 1502. Code 1892, § 1746.*

The examination of a witness touching his conviction of a crime may extend to misdemeanors as well as to felonies, under Code 1892, § 1746, authorizing the examination of any witness as to his conviction of crime, and Code 1892, § 1502, defining "crime" as used in any statute to mean any violation of law liable to punishment by criminal prosecution.

2. SAME.    *Criminal law.    Co-defendants.*

The objection of a defendant upon trial for crime to the competency as a witness of one jointly indicted with him, especially after a *nolle prosequi* has been entered as to the witness, is without merit, since the witness alone can object to being examined.

3. JURORS.    *Competency.    Code 1892, § 2355.    Exclusion.    Review.*

An appellant cannot predicate error of the action of the trial court in excluding a proffered juror from the panel of its own motion, under Code 1892, § 2355, providing that any juror shall be excluded if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable as

error; nor can error be predicated of the action of the trial court in sustaining a challenge on the ground that there is a criminal case pending against the challenged juror. (See last sentence, Code 1892, § 2354, amended Laws 1894, p. 60.) . .

4. CRIMINAL LAW. *Burglary. Ownership of premises.*

Actual possession of a house is the equivalent of a fee simple title as against a burglar, although the possession be wrongful as against the real owner.

5. TRIALS. *Retirement of jury.*

It is not error for the jury to be retired pending argument to the court on the competency of a witness.

FROM the circuit court of Harrison county.

HON. WILLIAM T. McDONALD, Judge.

Robert Lewis and Robert Allen, the appellants, were indicted jointly with one Patterson for burglary. A *nolle prosequi* was entered as to Patterson. Appellants were tried, convicted, and appealed to the supreme court.

On the trial a juror of the original panel was challenged for cause by the state, on the ground that he had a case pending against him in the court. This juror had a criminal case against him. The challenge was sustained, and defendants excepted. On the trial the state introduced Patterson as a witness. Defendants objected; the objection was overruled, and they excepted. While the competency of Patterson as a witness was being discussed, the court had the jury retire over objection of defendants' counsel.

The opinion of the court contains a further statement of the facts.

*Harper & Harper,* for appellants.

The first objection was made to the ruling of the court in sustaining the challenge made against one of the jurors, on the ground that the juror had a case pending for trial at that term of the court, over the objections made by the defendants' counsel. This challenge was made on a clause in Code 1892, §2354, which provides that it shall be a good cause

for challenging a juror that he has a case of his own pending in that court to be tried at that term. This clause of the statute does not apply to criminal causes, as the case belonged exclusively to the state, and he had no property right in it, and it was not a case of his own.

When the defendant, Patterson, was introduced as a witness, the attorney for the defendants objected to his competency as a witness because he was a party to the record and an interested witness; that he had neither been convicted nor acquitted, and no final order had been made upon the minutes of the court and signed by the judge dismissing him as a party from this joint indictment. The district attorney asked the court to dismiss the jury from the box and let them go out while this question was being discussed. The defendants objected and insisted that the jury should remain in the box, and that Patterson be allowed to hear the discussion. The court overruled the objection and ordered the jury to retire to their room, out of hearing of the argument, over the objections of the defendants' counsel. This may belong to the discretion of the judge, but then again it may not. What harm could come to the state in case this jury had remained in the box and had heard this argument? The defendants had the right to ask that the jury be kept so they might have the opportunity to observe the conduct and manner of this co-defendant, Patterson, and the manner and behavior of the defendants and that of their counsel during the argument on the advisability of a defendant's testimony.

The judge then decided to allow the trial of Allen and Lewis to proceed and let the testimony be admitted. *Mass* v. *State,* 17 Ark., 327 (s.c., 165 Am. Dec., 435); *Colther* v. *State,* 20 Ark., 46; *Brown* v. *State,* 24 Ark., 627; *McKenzie* v. *State,* 24 Ark., 327; *Andrews* v. *Vanduzer,* 11 John., 31; *Seymour* v. *Merritt,* 1 Root, 459; *People* v. *Vills,* 10 John., 95; *State* v. *Cart,* 1 Coxe, 1; Peake's Evidence, 100, note; *Rex* v. *Lafone,* 5 Espinasse, 154.

In the next place, the prosecution wholly failed to prove the

ownership of the store from which the goods were taken as laid in the indictment.

Physical possession and legal possession are not the same, and the state must show that he was in legal possession, whether by lease or ownership does not matter. For this reason the case ought to be reversed.

When the defendant, Robert Allen, was put upon the stand as a witness in his own case and the examination was concluded on the part of this defendant, the counsel for the state asked the witness if he had never been convicted of causing a horse to run over Judge Neville's little son at Biloxi, Mississippi; counsel for defendant objected strenuously, but he was forced to answer, in spite of counsel's objections, that he had been tried and convicted for the offense at Biloxi. He was then asked and forced to answer, over the objection of his counsel, if he had not been convicted of stealing some cigarettes at Gulfport. Again he said yes, he had been convicted.

It is not permissible to show in any trial at law that the defendant has been convicted of another crime differing from the one for which he is being tried, and the object being to show the intention of the defendant.

*J. N. Flowers,* assistant attorney-general, for appellee.

One Jackson, a member of the original panel, was challenged for cause by the state on the ground that he had a case pending in that court and for trial at that term. Counsel say that sec. 2354 of the code does not embrace jurors who have a criminal case pending in the court, triable at that term. We fail to discover the slightest merit in this contention.

It is insisted that the court below committed an error in permitting the state to introduce as a witness James Patterson, who was jointly indicted with these appellants. We hesitate to criticise this contention of counsel, simply because it strikes one as being so clearly without merit. Whatever the law may be in other states and countries, sec. 1738 of our code (1892)

makes parties to the record competent witnesses. Patterson might have been introduced by the defendants or by the state, but could have refused to testify to anything which would incriminate himself. This is a personal privilege which could not be invoked by others.

In connection with this question counsel complain that the court had the jury to retire while the competency of Patterson, as a witness, was being discussed. Here, too, the reason is too far for me to seek. The ownership of the baker's shop was sufficiently shown for the purpose of an indictment of this kind. 1 Wharton's Crim. Law, sec. 804.

It was not necessary to allege or prove the ownership of the building. This is true, since it is settled that the ownership of the property stolen need not necessarily appear. *Brown* v. *State,* 72 Miss., 990.

Argued orally by *A. Y. Harper,* for appellants, and by *J. N. Flowers,* assistant attorney-general, for the appellee.

CALHOON, J., delivered the opinion of the court.

Code 1892, § 1502, defines "crime" to mean, "when used in any statute, any violation of law liable to punishment by criminal prosecution." Section 1746 authorizes the examination of any witness as to "his conviction of any crime," and *Helm* v. *State,* 67 Miss., 562 (s.c., 7 South., 487), properly holds that the inquiry applies as well to misdemeanors as to infamous crimes.

It was not reversible error to sustain the state's challenge of the juror Jackson for the cause that there was a criminal case pending against him in that court. If the court had set him aside of its own motion, the action could not have been assigned for error. Code 1892, § 2355. The court is under a duty to see that there is a fair and impartial jury. There is no pretense here that the trial was not by such a jury; neither side exhausted its peremptory challenges, and neither side has any vested right in particular jurors.

The ownership of the property as charged in the indictment and shown in the evidence is sufficient. The charge is that the place was "a certain baker shop, the property of one William Grimes," and the proof is that William Grimes had used and occupied it as a baker's shop for eighteen months. This is enough, though the fee simple of the house was in another person. Possession is enough as against burglars. Wharton, Cr. Law (10th ed.), sec. 804. And this is true even if the possession be a wrongful possession. 1 McClain, Cr. Law, sec. 508.

We think James Patterson, who was jointly indicted with appellants, was a competent witness in this state, especially after *nol. pros.* as to him. He alone could object to being examined. *State* v. *Michel* (La.), 35 South., 629.

It is not just ground of error that the jury was retired pending argument to the court on the competency of a witness.

*Affirmed.*