ROBERTSON, Justice.
After a hearing thereon, the Circuit Court of Madison County denied the petition for writ of habeas corpus filed by Carroll Sullivan. Petitioner appeals from this judgment.
Carroll Sullivan was indicted for the crime of burglary, pleaded guilty, and was sentenced to seven years in the state penitentiary with three years of this sentence suspended.
There are two principal assignments of error. Appellant contends:
(1) The trial court erred in failing to hold that the indictment, judgment, and sentence were void and a nullity.
(2) The trial court erred in holding that the appellant received effective assistance of counsel in entering his plea of guilty, thus denying him rights guaranteed to him by the Sixth Amendment to the Constitution of the United States and by Section 26 of the Constitution of the State of Mississippi.
Section 1150 Mississippi Code 1942 Annotated (1956) provides:
“Any person convicted of an offense in a circuit court may appeal to the Supreme Court, provided, however, an appeal from the circuit court to the Supreme Court shall not be allowed in any case where the defendant enters a plea of guilty.” (Emphasis added).
Appellant contends that the prohibition of that statute is not applicable because there is no allegation in the indictment as to who owned the building which is said to have been burglarized, and that the indictment, judgment, and sentence are, therefore, void.
The indictment charges that appellant:
“[D]id willfully, unlawfully, feloniously, and burglariously break and enter the building or Drug Store occupied by Kenneth Jacobs a proprietorship doing business as Jacob’s Rexall Drug Store, there situated, by then and there felo-niously and burglariously forcibly bursting and breaking an outer front door and lock of said building or Drug Store, with unlawful, felonious, and burglarious intent to take, steal, and carry away the goods and chatttels, wares and merchandise, of value, of the said Kenneth Jacobs, a proprietorship doing business as Jacob’s Rexall Drug Store, in the said building or Drug Store, and then and there being kept for use, and sale to the public, * * *” (Emphasis added).
Beginning with Lewis v. State, 85 Miss. 35, 37 So. 497 (1904), we have consistently held that “possession is enough as against burglars.” We said in Taylor v. State, 214 Miss. 263, 58 So.2d 664 (1952):
“This Court has held in several cases that in an indictment for burglary the *881 allegations as to the ownership of the title to the building constitute surplusage, and, insofar as the burglary is concerned, the occupant of the building at the time of the burglary is the owner, and no such particularization of description of the title to the building is required. Clinton v. State, 163 Miss. 435, 142 So. 17; Davis v. State, 173 Miss. 783, 163 So. 391.” Id. at 266, 58 So.2d at 665. (Emphasis added).
We again so ruled in Carroll v. State, 215 So.2d 871 (Miss.1968).
The indictment is not defective and, therefore, the appellant cannot base his petition for writ of habeas corpus on this ground.
As to whether appellant received effective assistance of counsel in entering his plea of guilty, the record reflects that appellant and his counsel, Leonard Rosen-thal, conferred privately about the charge and then appellant and his counsel conferred at some length with the district attorney. Jack Travis, the district attorney, testified:
“I advised the Court that Sullivan desired to withdraw his plea of not guilty which had been entered in both of these charges and enter a plea of guilty. The Court at that point asked him if he was there with his attorney and asked him if he had discussed it with his attorney, and he said he had. The Court asked him if he realized what the possible sentence could be and explained what that sentence was. He said he did, and the Court then asked him why he desired to enter that type of plea; and he said that he was guilty.
“At that point I informed the Court of my recommendation which is stated in the petition, except for the fact that the second charge, the possession of burglary tools, was remanded to the file. The Court accepted this recommendation, and he was sentenced at that point.”
The district attorney also testified that Rosenthal had had considerable experience in handling criminal matters in county court, circuit court, and federal district court.
The burden was upon the petitioner to prove he was incompetently and ineffectively represented by counsel. We agree with the trial judge that the petitioner did not meet that burden. The judgment of the court denying the petition for writ of habeas corpus is, therefore, affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON, and INZER, JJ., concur.