# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00673-COA

ALVIN THOMAS III                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALVIN THOMAS III (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF SUMMARILY DISMISSED |
| DISPOSITION: | AFFIRMED - 06/30/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Following the entry of Alvin Thomas III's guilty plea to one count of armed robbery and sentence of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty-five years to serve and five years of post-release supervision (PRS), Thomas filed a motion for post-conviction relief (PCR) on March 4, 2014. The circuit court summarily dismissed Thomas's motion, and Thomas appeals the circuit court's summary dismissal. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. A grand jury indicted Thomas on four counts of burglary of a dwelling and one count of armed robbery, all stemming from incidents that occurred in November 2011. Thomas elected to enter an open plea of guilty to one count of armed robbery. The four remaining counts of burglary of a dwelling were dismissed. The Pearl River County Circuit Court accepted Thomas's guilty plea on July 8, 2013, and it sentenced Thomas, on July 19, 2013, to thirty years in the custody of the MDOC, with twenty-five years to serve and five years of PRS.

¶3. Thomas filed his PCR motion on March 4, 2014, which the circuit court summarily dismissed on April 21, 2014. Thomas appeals, and he raises the following issues on appeal:

I.      That the trial court erred in failing to find that . . . Thomas was denied due process [of] law to a fundamental constitutional violation where [the] trial court failed to specify that Thomas was being sentenced pursuant to Miss[issippi] Code Ann[otated section] 47-5-138 [(Supp. 2014)] since the earned time scheme is not applicable where Thomas is not eligible for parole pursuant to Miss[issippi] Code Ann[otated section] 47-5-13[9(1)](e) [(Rev. 2011)]. The order of the trial [c]ourt is illegal where it fails to refer to or contain Miss[issippi] Code Ann[otated section] 47-5-139 [(Rev. 2011)]. Such failure constitutes plain error and a fundamental constitutional violation when such error has the effect of shifting the sentence from a sentence under [Mississippi Code Annotated section] 47-7-34 [(Supp. 2014)] to a totally mandatory sentence in disregard of the language under Miss[issippi] Code Ann[otated section] 47-5-139[(1)](e). The [trial c]ourt failed to specify that Thomas should be eligible for [a] sentence reduction after serving the first [ten] years.

II.     That the trial court erred in failing to find that . . . [Thomas] suffered a violation of his [Fifth Amendment and Fourteenth Amendment] rights under the United States Constitution as well as the Constitution of the State of Mississippi where [the] trial court convicted . . . [Thomas] on [the] charge [of armed robbery] and plea of guilty without advising [Thomas] of his [c]onstitutional [r]ight to call witnesses in his defense at trial or that he would enjoy the right to the assistance of counsel at

2

trial. The [trial] court therefore failed to comply with the decision in *Boykin v. Alabama*, [395 U.S. 238 (1969)]. The plea of guilty is invalid as a matter of law.

## STANDARD OF REVIEW

¶4. Mississippi Code Annotated section 99-39-11(2) (Supp. 2014) authorizes a trial court to summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]" Therefore, unless the trial court's findings of fact are clearly erroneous, we will not disturb the findings on appeal. *Carroll v. State*, 120 So. 3d 471, 473 (¶3) (Miss. Ct. App. 2013) (citing *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008)). Questions of law are reviewed under the de novo standard. *Russell v. State*, 73 So. 3d 542, 544 (¶5) (Miss. Ct. App. 2011) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)).

## ANALYSIS

### I. SENTENCING

¶5. The full extent of Thomas's first issue is as follows:

> The [trial] court imposed the sentence upon Thomas pursuant to the provisions of section 47-5-138, which mandates eligibility for trusty status sentence reduction after service of time required for parole eligibility. The sentencing order failed to recognize or contain the requirements of . . . [section] 47-5-139[(1)](e)[,] which mandates that the offender be eligible for parole after serving the mandatory time required.

> That the trial court erred in failing to find that . . . Thomas . . . has been subjected to a denial of due process in his sentencing and this Court should grant the relief requested in this case and enter a correction of the sentence by making the sentencing order reference that Thomas['s] sentence is to be applied under Mississippi Code Ann[otated] section 47-7-3(d)(i) [sic] as the applicable statute to determine the eligibility of parole and earned time credits to such sentence.

¶6.   As is apparent, Thomas has not complied with Mississippi Rule of Appellate Procedure 28(a)(6), which requires that the appellant's brief "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." Because Thomas has not provided this Court with a cohesive argument or explanation of this issue, including proper and relevant citations, we decline to address this issue on appeal. *See Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996); *Turner v. State*, 962 So. 2d 691, 697 (¶27) (Miss. Ct. App. 2007).

## II.    CONSTITUTIONAL VIOLATIONS

¶7.   Thomas next argues that his constitutional rights were violated in several ways. First, he argues that his constitutional rights were violated because his guilty plea was involuntary, as he was not advised that he had the right to call witnesses at trial or that he would have an attorney at trial. This issue is without merit. Thomas was informed, at his guilty-plea hearing and in his guilty-plea petition, that he would have the right to call witnesses at trial. Thomas's guilty-plea petition also explained that if he elected to go to trial, he would have "[t]he right to have an attorney at all proceedings[,] and if [he could] not afford an attorney, [he had] the right to have one appointed to represent [him] at all stages of this charge . . . ."

¶8.   Great weight is given to statements made under oath and in open court, and though a plea petition is not an oral statement, "it is a sworn document presumptively prepared with an appreciation of its fateful consequences," and "may be used to discredit post-plea allegations." *Vaughn v. State*, 85 So. 3d 907, 912 (¶16) (Miss. Ct. App. 2012) (citations

4

omitted). Thomas, while represented by appointed counsel, signed his guilty-plea petition, and verbally acknowledged to the trial court that he had understood the petition when he signed. Therefore, we find this issue is without merit.

¶9. Thomas next argues that his attorney was ineffective because he failed to advise Thomas of his rights under the Fifth Amendment. The record is clear that Thomas was informed of his constitutional rights by his guilty-plea petition and again by the trial court at his guilty-plea hearing. Thomas was fully informed of his constitutional rights, and he acknowledged that he understood these rights as they were explained to him. For the same reason as above, this issue is also without merit.

¶10. Next, Thomas asserts that his attorney was ineffective because his attorney waived Thomas's right to a competency hearing. Thomas also asserts that his guilty plea should not have been accepted because there was an issue regarding his competency to plead guilty. However, we find that there is nothing in the record before us to support the contention that his attorney waived a competency hearing or to support that Thomas's competency was ever questioned, by either his attorney or the trial court. Therefore, we find that this issue is without merit.

¶11. Thomas also claims his attorney was ineffective because he informed Thomas that he would only be sentenced to two or three years. Again, Thomas was informed of the statutory minimum and maximum sentences available, with the maximum being life imprisonment. Thomas entered an open plea, with no sentence recommendation from the State. And Thomas has presented no other evidence, besides his own statement in his PCR motion, that

5

his attorney informed him he would receive a light sentence.  We find that this issue is without merit.

¶12.   **THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**