## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00688-COA

**WILEY ZACHARY CARROLL A/K/A WILEY Z. CARROLL**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

DATE OF JUDGMENT:               05/26/2023
TRIAL JUDGE:                            HON. GRADY FRANKLIN TOLLISON III
COURT FROM WHICH APPEALED:   TIPPAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WILEY ZACHARY CARROLL (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                          BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED - 08/06/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Wiley Carroll, appearing pro se, appeals the Tippah County Circuit Court's denial of his self-styled "Motion to Vacate/Set Aside an Illegal Sentence," which was considered a motion for post-conviction relief (PCR). Carroll claims his plea and sentence for the crime of burglary of a dwelling should be set aside because the State did not prove ownership of the dwelling. We find no error and affirm the trial court's denial of his motion.

## FACTS

¶2.     In April 2021, Carroll, along with another individual, was indicted in Tippah County for burglary of a dwelling. Carroll is not a newcomer to PCR procedure or this Court. Over the years, Carroll has had numerous other charges, felony convictions, and two appeals to

this Court. At the time of his February 2023 plea hearing in this case, Carroll had two other charges pending on the Tippah County Circuit Court docket: possession of methamphetamine related to an arrest in 2019; and aggravated assault stemming from an incident in 2020. With his drug-possession case set for trial the following day, Carroll was placed on notice by the State that he was eligible for an enhanced punishment of life imprisonment under Mississippi Code Annotated section 99-19-83 (Rev. 2020) if convicted again of a felony due to his prior convictions.[1]

¶3.    During Carroll's plea hearing on the charge of burglary of a dwelling, the State explained that Carroll had been offered a sentence of twenty years, with fourteen years suspended and six years to serve in the custody of the Mississippi Department of Corrections (MDOC) with the enhancement reduced to the status of a non-violent habitual offender under section 99-19-81 (Rev. 2020), and five years of post-release supervision. This sentence would run concurrently with the sentence he was serving for felony DUI. Carroll initially agreed to plead guilty but told the judge that he did not commit the crime. In response, the trial court refused to accept his guilty plea. Carroll then tried to bargain for an *Alford*[2] plea, but the State denied his request. The next day, however, before trial was to

---

[1] In 1988, Carroll was convicted of strong-arm robbery and sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC). In 2004, Carroll pleaded guilty to attempted armed robbery and was sentenced to twenty years in the custody of the MDOC. *Carroll v. State*, 120 So. 3d 471, 473 (¶4) (Miss. Ct. App. 2013). More recently, in May 2021, one month after the charge in this case, Carroll pleaded guilty to felony DUI and was sentenced to five years in the custody of the MDOC. *Carroll v. State*, 371 So. 3d 196, 197 (¶2) (Miss. Ct. App. 2023).

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

begin on his charge of possession of methamphetamine, Carroll changed his plea to guilty on the burglary charge, admitting he committed the crime. Carroll was sentenced according to the State's original offer stated above, and his two other pending charges were retired to the files.

¶4. On March 17, 2023, Carroll timely filed the instant PCR motion, arguing his conviction and sentence should be vacated and set aside because they were "illegal." He claimed his indictment was fatally defective, his guilty plea was involuntary, his non-violent habitual-offender status was improper, and the trial court lacked jurisdiction. Carroll argued his indictment was defective for failing to "charge all of the essential elements of the offense" because the homeowners listed on the indictment were incorrect. The indictment read that on March 14, 2021, Carroll and his co-defendant burglarized "the dwelling of Curtiss Lamar Christian and Sarah Jackson, located at 126 Moore's Mill Road, Ripley, in Tippah County, Mississippi." Carroll claimed that these two individuals were illegally occupying the home, or "squatters," and were not the homeowners. Further, he argued his plea was involuntary. Carroll again denied guilt, explaining that he was "compelled by circumstance" to plead guilty because if he did not accept the State's offer, he perceived a "railroad ride was forthcoming" during his upcoming trial for possession of methamphetamine. He properly surmised that if convicted at that trial, the only sentencing option was life imprisonment due to his qualification for enhanced punishment under section 99-19-83. He described this situation as "court room manipulation." Carroll also claimed that in his plea agreement, the State "illegally tacked on" the enhanced penalty under section

3

99-19-81. Relatedly, he argued that the trial court was "without jurisdiction" to utilize his prior felony conviction in 2004 for attempted armed robbery because on appeal "this case . . . was rendered null and void." *See Carroll*, 120 So. 3d at 476 (¶15) (upholding conviction but reversing and remanding on banishment issue).[3]

¶5.     On May 23, 2023, the trial court denied Carroll's PCR motion, ruling he was incorrect that ownership is an element of burglary of a dwelling, citing Mississippi Code Annotated section 97-17-23 (Rev. 2020); thus, he was "not entitled to any relief." Carroll appealed.

## STANDARD OF REVIEW

¶6.     In reviewing the trial court's denial or dismissal of a PCR motion, this Court will reverse the judgment only if the trial court's factual findings are clearly erroneous. The trial court's legal conclusions are reviewed de novo. *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019).

## ANALYSIS

¶7.     Before this Court, Carroll continues to argue that his indictment is fatally defective because the incorrect owners were listed on his indictment for burglary of a dwelling.[4]

---

[3] Carroll is incorrect in suggesting his conviction for attempted armed robbery was reversed. In this case, part of Carroll's post-release supervision condition was banishment from the Third Circuit Court District, from which he sought post-conviction relief. *Carroll*, 120 So. 3d at 472 (¶1). On appeal, this Court reversed and remanded for the trial court to determine from a more complete record than provided on appeal regarding whether the requisite banishment considerations were met. *Id.*

[4] Carroll also incorporates into his appellate brief other arguments about the sufficiency of the record and his insistence that the trial judge who presided over his guilty plea hearing should have recused. These arguments were not a part of his PCR motion and,

¶8.     Entering a guilty plea waives "all technical and non-jurisdictional defects contained in the indictment." *Clark v. State*, 54 So. 3d 304, 308 (¶9) (Miss. Ct. App. 2011) (citing *Reeder v. State*, 783 So. 2d 711, 720 (¶36) (Miss. 2001)).  Carroll attempts to evade the waiver by arguing that the trial court lacked jurisdiction[5] and that the indictment failed to include an essential element of the crime, as these are the only two matters he presents that are not waived on appeal. *Beene*, 910 So. 2d at 1154 (¶7) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)) (After entry of a guilty plea, the only two matters not waived on appeal are failure to charge a necessary element of the crime and lack of subject matter jurisdiction.).  His argument fails, though, because the State had to prove only possession of, or residence in, the dwelling at the time of the burglary, not ownership.

¶9.     Mississippi Code Annotated section 97-17-23(1) defines burglary of a dwelling as

> breaking and entering the dwelling house or inner door of such dwelling house *of another*, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein[.]

thus, were not ruled upon by the trial court.  "Issues not raised in a motion for post-conviction relief are procedurally barred on appeal." *Rutledge v. State*, 359 So. 3d 668, 669 (¶4) (Miss. Ct. App. 2023) (quoting *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007)).  Procedural bar notwithstanding, we find no merit to his arguments.

Carroll also expressed concern and confusion before the trial court, and now to this Court, about changes to his cause number from TK2021-017 to CV-2023-049.  The record shows the former cause number is related to filings in his criminal charge of burglary of a dwelling, and the latter cause number is the civil action number for pleadings related to his post-conviction-relief collateral challenge, which is an original civil action, not a criminal action. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020).

[5] Carroll fails to explain how the trial court lacked jurisdiction.  The Court will not review issues raised without relevant authority cited. *Beene v. State*, 910 So. 2d 1152, 1154 (¶7) (Miss. Ct. App. 2005) (citing *Williams v. State*, 708 So. 2d 1358, 1360-61 (¶12) (Miss. 1998)).

Miss. Code Ann. § 97-17-23(1) (emphasis added). Burglary of a dwelling has two required elements: "(1) breaking and entering the dwelling house or inner door of such dwelling house *of another*, and (2) with the intent to commit some crime therein." *Holder v. State*, 348 So. 3d 370, 374 (¶9) (Miss. Ct. App. 2022) (emphasis added) (quoting *Bowman v. State*, 283 So. 3d 154, 162 (¶25) (Miss. 2019)). Carroll contends that the State must prove ownership of the premises since ownership in someone other than the defendant is an essential element of the crime. *See infra* note 8.

¶10. We disagree. In *Bowman*, the Mississippi Supreme Court held that for the crime of burglary of a dwelling, the State did not have to prove the resident owned the dwelling, only that she occupied it. *Bowman*, 283 So. 3d at 161 (¶20). There, the defendant challenged the sufficiency of the evidence on his burglary conviction, in part arguing that the State failed to prove the dwelling (a hunting camp) belonged to the occupant/victim (the defendant's estranged wife) because she neither owned it nor intended to reside there permanently. *Id.* at 161-62 (¶¶17, 19). The *Bowman* court disagreed, as the court had long ago established that "[p]ossession is enough as against burglars." *Id.* at 161 (¶20) (quoting *Lewis v. State*, 85 Miss. 35, 40, 37 So. 497, 497 (1904) (citing Wharton, Cr. Law, § 804 (10th ed.))).[6] The *Lewis* court found that "this is true even if the possession be a wrongful possession." *Lewis*, 85 Miss. at 40, 37 So. at 497 (citing 1 McClain, Cr. Law, § 508). Possession is sufficient, the *Bowman* court explained, because at common law, burglary was considered an offense

---

[6] In *Lewis*, the supreme court held that the indictment's charge and the State's proof of ownership of the building was sufficient because the person charged with ownership "used and occupied" the building at the time of the burglary. *Lewis*, 85 Miss. at 40, 37 So. at 497.

against habitation rather than property, and the law sought to protect the security of the residents, not the property. *Id*. (quoting *Robinson v. State*, 364 So. 2d 1131, 1133 (Miss. 1978)). Moreover, the supreme court "has held in several cases that in an indictment for burglary the allegations as to the ownership of the title to the building constitute surplusage. . . ." *Id.* (citing *Taylor v. State*, 214 Miss. 263, 266, 58 So. 2d 664, 665 (1952)). The *Bowman* court concluded that the law only required that the State prove the victim was residing at the hunting camp when the defendant broke in. *Id.*

¶11. Similarly, in *Sullivan v. Cook*, 218 So. 2d 879 (Miss. 1969), a habeas corpus proceeding, the appellant contended that his indictment, judgment, and sentence were void because there was no allegation in the indictment of who owned the burglarized building. *Id.* at 880. However, the indictment did identify the individual who occupied the building and his proprietorship of a drug store. *Id.* Citing *Taylor*, the supreme court found, beginning with *Lewis*, that "insofar as the burglary is concerned, the occupant of the building at the time of the burglary is the owner." *Id.* at 880-81 (quoting *Taylor*, 214 Miss. at 266, 58 So. 2d at 665). The supreme court thus found the appellant's indictment was not defective. *Id.* at 881.

¶12. Here, the same holds true. Even if we were to accept Carroll's contention that the two individuals named in the indictment were illegally squatting at the burglarized residence and not the homeowners, his indictment remains valid. Carroll does not argue that the "squatters" were not occupying the residence; he just maintains they are not the true owners.[7]

_____

[7] Carroll offered no proof of his contention to the trial court or this Court but, instead, directs us to call the Tippah County Tax Assessor's office to confirm whom he

7

The statute only specifies the burglarized dwelling must be "of another," i.e., not the defendant's dwelling. Further, under Mississippi precedent, possession of the dwelling is sufficient, even if wrongful. Therefore, the indictment was not defective, and the State did not have to prove these two individuals owned the dwelling.[8] "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." *Walker v. State*, 271 So. 3d 789, 792 (¶7) (Miss. Ct. App. 2019) (quoting *Brawner v. State*, 947 So. 2d 254, 265 (¶31) (Miss. 2006)). The indictment gave Carroll sufficient notice to prepare his defense.

¶13. For the foregoing reasons, we affirm the trial court's denial of Carroll's PCR motion.

¶14. **AFFIRMED.**

---

identifies as the property's owner.

[8] Carroll cites *Harveston v. State*, 798 So. 2d 638 (Miss. Ct. App. 2001), an automobile burglary case, for the proposition that the State must provide "evidence of the ownership of the premises broken into, since ownership in someone other than the defendant is an essential element of a burglary charge." *Id.* at 640 (¶4) (citing *Cooksey v. State*, 175 Miss. 82, 82, 166 So. 388, 390 (1936)). However, *Harveston* is distinguishable because it involved the burglary of automobiles, not a dwelling, prosecuted under a different statute (Miss. Code Ann. § 97-17-33 (burglary of other buildings)). *Id.* at 639 (¶1). This Court found insufficient evidence of the vehicles' ownership in two of three counts. *Id.* at 642 (¶13). To the extent that *Cooksey* appears to support Carroll's argument, we also find it factually distinguishable since it involves a store, not a dwelling house, which was a different crime under the burglary statutes then, as now. *See Woods v. State*, 186 Miss. 463, 463, 191 So. 283, 284 (1939). Nowadays, burglary of a dwelling house is a distinct statutory crime from burglary of a non-dwelling house. *Bowman*, 283 So. 3d at 161 (¶18). In *Cooksey*, the store owner named in the indictment had died about a week before the crime. *Cooksey*, 175 Miss. at 82, 166 So. at 389. Because a dead person cannot be an owner of property, the indictment lacked any ownership element, and the conviction was reversed and remanded for a new trial. *Id.*, 166 So. at 390. The *Cooksey* court acknowledged that "possession may support proof of ownership," but it must be alleged and proved at the time of the burglary. *Id.*

8

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**